MOSEL, Respondent, v. WILLIAM H. FRANK BREWING CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 12, 1897.) Action by Christian Mosel against the William H. Frank Brewing Company. M. Hallheimer, for appellant. Bernard J. Isecke, for respondent.

GOODRICH, P. J. Jacob Seibert, on July 5, 1894, executed to Mrs. Hammersen a chattel mortgage on certain fixtures in a saloon in New York. In September, Mrs. Hammersen claims to have sold this mortgage to the defendant for the sum of $500. The defendant admits the sale, but claims that the amount was $350. In December, an assignment of the mortgage was executed, but no part of the consideration was paid until January 31, 1895, when it was arranged that, instead of cash, Mrs. Hammersen should receive two notes of the Fred Hower Brewing Company, of $175 each, which she agreed to accept provided she could obtain a discount of the notes; the balance of $150 to be paid in three checks of $50 each, made by the Fred Hower Brewing Company, and dated so as to be payable in three successive weeks. One of these notes was, with Mrs. Hammersen's consent, returned by her husband to the Frank Brewing Company to settle an indebtedness of Mr. Hammersen to that company: The other note was handed back to the defendant because Mrs. Hammersen could not procure the discount of it, and it was afterwards attached and paid to the sheriff under a warrant of attachment issued in an action brought by the defendant company against Mr. Hammersen. The defendant claims that the consideration to be paid for the mortgage was only $350, and that the two notes of the Fred Hower Brewing Company were given to Mrs. Hammer-

sen in full payment of the consideration. The only explanation attempted to be given as to the nonpayment of the note which was attached by the Frank Brewing Company as the property of Mr. Hammersen is that Mrs. Hammersen gave the two notes to her husband to do with them whatever he wished, and therefore they became his property, and subject to attachment. However this may be, the result was that Mrs. Hammersen did not receive any part of the attached note. It is evident, therefore, that, if the consideration of the mortgage was actually $500, Mrs. Hammersen has received only $175, leaving $325 still due her. Mrs. Hammersen assigned her cause of action to the plaintiff in May, 1895. The issue involved was, therefore, simply as to the price which the defendant agreed to pay for the mortgage,—whether $500 or $350,—and as the court fairly submitted this question to the jury on conflicting testimony, and the jury has rendered its verdict in favor of the plaintiff's contention, the verdict will not be disturbed. Judgment affirmed, with costs.

